09-3601-ag
Estate of Thompson v. Commissioner

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

  **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17ᵗʰ day of March, two thousand ten.**

PRESENT:
    DEBRA ANN LIVINGSTON,
        *Circuit Judge*,
    KIMBA WOOD,
        *District Judge.*[*]

_____

Estate of Josephine T. Thompson, deceased,

   *Petitioner-Appellee*,

   v.               09-3601-ag

Commissioner of Internal Revenue,

   *Respondent-Appellant*.

_____

---

[*]The Honorable Kimba Wood, of the United States District Court for the Southern District of New York, sitting by designation.

  The Honorable Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal. The remaining two members of the panel, who are in agreement, have determined this matter. *See* Second Circuit Internal Operating Procedure E(b); 28 U.S.C. § 46(d); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1999).

FOR APPELLANT:        JOHN A. DiCICCO, Acting Assistant Attorney General,
RICHARD FARBER, STEVEN W. PARKS, Attorneys, Tax
Division, Department of Justice, Washington, DC

FOR APPELLEE:        ROBERT H. GOLDIE, JOSHUA M. RUBINS, KIRK H.
O'FERRALL, Satterlee, Stephens, Burke & Burke, New York, NY

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the tax court be **AFFIRMED**.

Respondent-Appellant Commissioner of Internal Revenue ("Commissioner") appeals from a March 3, 2009 Order and Decision of the Tax Court (Swift, *J.*) declining to impose upon Petitioner-Appellee Estate of Josephine T. Thompson ("Estate") an accuracy-related penalty under 26 U.S.C. § 6662. We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal.

*I.      Background*

On January 24, 2002, the Commissioner determined a deficiency in the Estate's Federal estate tax. Additionally, because of the amount of understatement of the estate tax liability, the Commissioner determined that the Estate was liable for the penalty imposed by Section 6662 of the Internal Revenue Code. *See* 26 U.S.C. § 6662. The Estate filed a petition in the United States Tax Court contesting the Commissioner's determination. After a trial, on July 26, 2004, the Tax Court issued an opinion in which it conducted its own analysis of the Estate's tax liability and, important to this appeal, declined to impose the § 6662 accuracy-related penalty. *Estate of Thompson v. Comm'r*, T.C.M. (RIA) 2004-174, 2004 WL 1658404 (July 26, 2004). As support for its decision regarding the § 6664 good faith exception, which provides that a § 6662 penalty may be excused when there was reasonable cause for the underpayment and the taxpayer acted in good faith, the Tax

2

Court noted that the valuation of the asset at issue "was particularly difficult and unique," involving a number of "difficult judgment calls." *Id.* at *23. Moreover, although the Estate's experts—attorney George Goerig and accountant Paul Wichorek—had made errors in their valuation calculation, the Commissioner's expert also "made significant errors in his various calculations." *Id.*

Both parties appealed the Tax Court's decision to this Court. *See Estate of Thompson v. Comm'r*, 499 F.3d 129 (2d Cir. 2007). Pertinent to this appeal, on August 23, 2007, this Court determined that

> [t]he Tax Court's findings are insufficient to support a determination of reasonable cause under § 6664. The factors set out in the regulations search the good faith of the taxpayer-either in assessing its own liability or in relying on an expert to do so. But the Tax Court made no finding as to whether the Estate's reliance on its experts was reasonable and in good faith, or whether the Estate knew or should have known that they lacked the expertise necessary to value the Company.

*Id.* at 135. Accordingly, this Court vacated the Tax Court's decision not to impose an accuracy-related penalty and remanded "so that the Court can determine whether the Estate's reliance on Goerig and Wichorek was reasonable and in good faith." *Id.* at 135-36.

On remand, the Tax Court announced that it would "supplement [its] Memorandum Findings of Fact and Opinion as to the section 6662 accuracy-related penalty." In addition to re-emphasizing the difficult nature of the asset valuation at issue, and acknowledging that the Tax Court was not "enamored with" the Estate's chosen experts, it concluded that the experts, while "not sophisticated valuation experts," were "sufficiently credible and sufficiently qualified . . . to have their opinions considered by the Court." The Tax Court concluded that "based on our evaluation of the witnesses at trial and all of the evidence . . . the estate's reliance on its experts (Goerig and Wichork) was reasonable and in good faith." Thus, as before, the Tax Court determined that the Estate is not liable

3

for the § 6662 penalty.

## II. *Discussion*

The Commissioner again appeals, this time arguing only that the Tax Court did not comply with this Court's August 23, 2007 mandate. Although generally "[w]e review the tax court's factual determinations of whether a taxpayer qualifies for the reasonable cause exception for clear error," *Estate of Thompson*, 499 F.3d at 134, here we are addressing only whether the Tax Court complied with a mandate of this Court, a question that we review *de novo*. *See Carroll v. Blinken*, 42 F.3d 122, 126 (2d Cir. 1994).

Under the version of § 6662 in effect at the time of the asserted deficiency, if the claimed value of the Estate is not more than 25% of the amount determined to be correct, the taxpayer must pay an accuracy-related penalty equal to 40% of its underpayment. *See* 26 U.S.C. § 6662(a), (g)(1), (h)(1), (h)(2)(C) (2006), *amended by* Pension Protection Act of 2006 § 1219, Pub.L. No. 109-280, 120 Stat. 780, 1083 (2006). An exception to this penalty is allowed if "it is shown that there was a reasonable cause for such [underpayment] and that the taxpayer acted in good faith with respect to such [underpayment]." *Id.* § 6664(c)(1).

The relevant Treasury regulations provide that whether an understatement is made in good faith and due to reasonable cause will be determined "on a case-by-case basis, taking into account all pertinent facts and circumstances." 26 C.F.R. § 1.6664-4(b)(1). "Generally, the most important factor is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability," but numerous other factors may also be considered. *Id.* Reliance on an advisor "constitutes reasonable cause and good faith if, under all the circumstances, such reliance was reasonable and the taxpayer acted in good faith." *Id.* § 1.6664-4(c)(1).

4

On remand, the Tax Court, as directed, made an explicit finding—missing from its July 26, 2004, opinion—that "based on our evaluation of the witnesses at trial and all of the evidence, that the estate's reliance on its experts (Goerig and Wichorek) was reasonable and in good faith." The Tax Court also clarified that by noting that Goerig and Wichorek were inexperienced at valuing large companies, the Tax Court did not intend to imply that they could not be reasonably relied upon by the Estate because they lacked the necessary expertise. The Commissioner argues principally that the Tax Court failed to comply with the mandate because it failed to reconcile its determination that the experts were underqualified for the appraisal with its finding that the Estate's reliance was nevertheless reasonable and in good faith and because the Tax Court failed to make specific findings with regard to Goerig's lack of independence. We reject these arguments.

First, with regard to the assertion that the experts were unqualified, the Tax Court specifically clarified that the experts were, in fact, sufficiently credible and qualified to form the basis for the Estate's good faith reliance. Thus, there was no reason for the Tax Court to make a further determination regarding whether the Estate knew or should have known the experts lacked necessary expertise. Second, with respect to Goerig's purported lack of independence, the Tax Court never made a determination that there was a conflict of interest, only that his dual roles as auditor and co-executor were "somewhat in tension." *Estate of Thompson*, 2004 WL 1658504, at *17. In any event, this Court, in its mandate, did not require the Tax Court to engage in further factfinding with regard to this purported conflict.

Because the Commissioner does not challenge the Tax Court's substantive decision, we do not make any determination with regard to whether we agree with the Tax Court's ultimate decision to apply the § 6664 good faith exception and its refusal to impose accuracy-related penalties under

5

§ 6662. We determine only that the Tax Court complied with this Court's mandate to make a determination "as to whether the Estate's reliance on its experts was reasonable and in good faith."

We have considered the remainder of the Commissioner's arguments and determined them to be without merit.

For the foregoing reasons, the judgment of the tax court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk